CASE 4—PETITION EQUITY—DECEMBER 9.

# Montjoy vs. Maginnis, &c.

### APPEAL FROM ANDERSON CIRCUIT COURT.

Where a father gave, by parol, to his two sons, a tract of land each, and, after his death, intestate, the heirs refused to execute the gift, the two sons are not chargeable with the rents, as advancements, under *section* 17, 1 *Revised Statutes*, 426.

LINDSEY and POSEY, for appellants, cited 3 *Mon.*, 171; 1 *Marsh.*, 385; 1 *Stat. Law*, 496; 1 *Rev. Stat.*, 282; 17 *B. Mon.*, 705; 3 *Met.*, 359; 4 *J. J. M.*, 230; 3 *Mon.*, 247; 1 *Met.*, 553; 4 *Dana*, 552. .

KAVANAUGH & HANKS, for appellee, cited 1 *Rev. Stat.*, 427; 1 *Met.*, 582.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Edward Montjoy, in his lifetime, made a parol gift of a tract of land to each of his two sons, William and Edmund. He having died intestate, his heirs at law refused to execute the gift, and insist that William and Edmund should be charged for reasonable rents of their respective tracts.

It is evident that this case does not fall within the provisions of chapter 30, section 17, 1 Stanton's Revised Statutes, 426, because it was not the rents that were given, but the land itself; the use whereof was merely incidental to the gift. As the heirs refuse to execute the gift, as made by their ancestor, they have no right to change it into a gift of another character, nor to make a new gift for the decedent, not contemplated by any of the parties; and to do so would be clearly unjust. They can either execute or repudiate the gift, as made, but cannot create a new gift of a different character.

Nor does this conflict with the opinions of this court in Clark, &c., vs. Clark (17 *B. Mon.*, 705), and Ford vs. Thompson, &c. (1 *Met.*, 582).

The chancellor properly refused to order a specific execution of the gift, or to charge William and Edmund Montjoy for the use of the land.

Wherefore, the judgment is affirmed, on both the original and cross-appeal.