# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY

## SEPTEMBER TERM, 1906

CASE 1—ACTION BY GRACE A. WARD AND OTHERS
AGAINST THOMAS N. JOHNSON AND OTHERS TO
ASCERTAIN THEIR RIGHTS UNDER CERTAIN
DEEDS MADE BY THEIR FATHER TO THEM.—
December 6.

## Ward, &c. v. Johnson, &c.

Appeal from Hickman Circuit Court.

R. J. Bugg, Circuit Judge.

From the judgments both parties appeal. Reversed
on original and affirmed on cross-appeal.

1. Advancements—Parol Gift of Land—Subsequent Conveyance
   Rents—Where a father settled three of his daughters on land
   promising to make them deeds, and telling them they could
   improve it and pay the taxes, and that they would not have
   to account for rents and that it should be their land, to
   which he subsequently made each of them deeds, the land
   should be treated as an advancement as of the date when the
   deeds were made, and the gift perfected, but his delay in
   making the deeds did not make them liable for rents.

2. Decedents' Estates—Distribution—Value of Advancements—
   How Determined—In the distribution of a parent's estate
   each child must account for any advancement made by its
   parent at its real value. The value of the property at the
   time the gift was made may be considered by the court,
   in connection with other proof in determining its real value,

but it is not conclusive, and where land is given, the enhance-
ment of the value of each tract, by reason of permanent
improvements put upon it by the donee should be excluded.

ROBBINS & THOMAS Attorneys for Appellants.

AUTHORITIES CITED.

Clark v. Clark, 17 Ben Moore, 707; Oliver v. Kirk's Heirs,
3 Metcalfe, 273; Bowles v. Winchester, 13 Bush, 11; Mountjoy
v. McGinnis, 2 Duvall, 186.

JOHN E. KANE for Appellees.

Bunnell v. Bunnell, 64 S. W. 420; Brewster on Conveyances,
Sec. 298; Shawhan v. Shawhan's Adm'r, 10 Bush 600; Hill's
Guardian v. Hill, &c., 92 S. W. 924.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.

T. B. Johnson died intestate on February 19, 1904,
a resident of Hickman county. He was twice married.
By his first wife he had two children, who survived
him, Grace A. Ward and M. E. Evans. By his second
wife he had eight children who survived him, the
youngest of whom at his death was twelve years of
age, and several of the others were infants. His first
wife's maiden name was Jewell. She inherited from
her father a one-third interest in a tract of land which
was divided between her and her two brothers. The
part falling to her was of value greater than that
allotted to her brother William, and to equalize them
she was required to pay him $520. Her husband paid
this, and her two brothers conveyed to her and her
husband jointly 178 acres of land out of the tract
belonging to her father. In addition to this, Johnson
owned in his own right five or six hundred acres of
land. On March 22, 1902, in consideration of love and
affection, he conveyed to M. E. Evans 65 acres of his

own land. On November 9, 1903, he conveyed to Grace A. Ward 101 acres of land, which was part of the 178 acres falling to her mother, and on the same day conveyed to Mattie Lochridge 71 acres of his own land. Mattie Lochridge was the oldest child by his second wife. On the same day a deed was drawn by which he conveyed all his remaining lands to his other seven children. He, on January 6, 1904, gave to the clerk the deed to Mrs. Ward and Mrs. Lochridge, with the money to pay for recording them, directing them to be recorded. The other deed to the younger children for the remainder of his land he acknowledged at that time before the officer, but did not then have it recorded. This deed, after his death, was caused to be recorded by the grantees. This controversy arose between the children as to their rights under the deeds referred to.

It was insisted that the deeds were void because the grantor had not sufficient capacity at the time they were made. The circuit court held otherwise, and we think the evidence fully sustains his judgment in this matter.

It was also insisted that the deed to the seven younger children was not delivered by him, and therefore did not take effect. The circuit court under the evidence properly rejected this view. There was sufficient, evidence to show a delivery of the deed although it had not been put to record.

The circuit court also properly held that, as the first wife owned one-third of the Jewell land by inheritance, only two-thirds of it passed by the deed from her two brothers to her and her husband, and that this two-thirds passed equally to her and her husband, so that she owned two-thirds of this tract, and her husband one-third.

The evidence shows that Johnson settled his three

daughters upon the tracts of land which he afterwards conveyed to them, promising to make each of them a deed, and telling them that they could improve it and pay the taxes, and that they would not have to account for any rents, and that it should be their land. When he subsequently conveyed the land to them, he simply carried out the agreement which he had made with his daughters when he settled them on the land. The land should be treated as an advancement as of the date when the deeds were made and the gift perfected. The daughters are not to be charged with any rents upon this property, for this would be to make a different arrangement from that which the parties made. The father did not give them the use of his land. He gave them the land, and allowed them to use their own land. His delay in making the deeds did not make them liable for rents. In Bowles v. Winchester, 13 Bush, 14, this Court said: "The well-settled doctrine on this subject in this State is that the property must be estimated at its value when the gift is perfected; that so long as the gift or devise is revocable, although the donee may be in possession with the right to use it without accounting for rents by reason of the parol gift, he is chargeable with its value at the testator's death, or when the gift is perfected, and not when the possession was delivered."

Each of the three daughters must account for the value of the land so conveyed at the time it was conveyed to her, but they are not liable for the rents on the land which they held under the parol gift. The cases in which rents of land were charged as an advancement were where there was no gift of the land. Ford v. Ellingwood, 3 Metc., 359; Montjoy v. Maginnis, 2 Duv., 186. In the deed to Mrs. Evans is this language: "I hereby value said sixty-five acres of land at the sum of two thousand dollars ($2,000.00)."

In the deed to Mrs. Lochridge is this language: "In making this deed to this daughter I consider that i have given her her just share of my estate, both real and personal, and I stipulate that she shall have no further claim in my estate either in realty or personal property." In the deed to Mrs. Ward the same language occurs. The rule is that a child must account for any advancement made by the parent at its real value. The valuation of the property fixed at the time may be considered by the court in connection with the other proof in determining its value, but it is not conclusive. If the parent undervalues the property, he cannot in this way, by making the deed, avoid the operation of the statute and favor one child above another. If he overvalues the property, the result is the same. The property was a gift, and in the settlement of the estate each child must account for what he received, without regard to the value that the parent fixed upon it. The statement in the deeds of Mrs. Lochridge and Mrs. Ward that he considered he had given each of them her just share in his estate, and that he stipulated that each of them should have no further claim in the estate, is equally ineffective. He could by a will have disposed of his entire estate, but he could not by making advancements by deed charge one of his children more for the property conveyed than the property was in fact worth. He was as powerless to put the property to the child at more than it was worth as he was to convey it to her for less than it was worth. The statute operates upon the estate which he left. It requires each child to be charged with such advancements as he has received, and the testator's intentions or his views cannot control the facts, unless he expresses his intention by a will disposing of his estate. Hook v. Hook, 13 B. Mon., 526;

Gordon v. Gordon, 1 Metc., 289; Bowles v. Winchester, 13 Bush, 6.

Mrs. Evans by accepting the deed made to her in March, 1902, for 65 acres of her father's land, in no way waived any right she had as the heir-at-law of her mother to half of two-thirds of the 178-acre tract, and she is entitled to have her part of the 178-acre tract set apart to her, for two-thirds of this 178-acre tract was not the property of her father, except that he had an estate for life in it as tenant by the curtesy.

The 101 acres conveyed to Mrs. Ward was a part of the 178-acre tract. Her father owned in this 101 acres an undivided one-third interest. He also owned as tenant by the curtesy a life estate in the other two-thirds. The advancement to Mrs. Ward should be ascertained by determining the value of the 101 acres at the time she was given the deed to it. She should be charged one-third of this value, which represents the interest which her father owned in his own right, and she should also strictly be charged with the value of her father's life estate, estimated as of that date, in the remaining two-thirds. But in view of the condition of his health at the time the deed was made, his life estate was of no practicable value, and need not be considered. Mrs. Evans should be allotted her part of the 178-acre tract out of the balance remaining after the 101 acres were cut off to Mrs. Ward so as not to disturb Mrs. Ward, if it can be done without injustice to her. What remains of the 178-acre tract, if anything, will be divided between Mrs. Ward and her father's estate so as to do justice between them, considering what he has heretofore disposed of. Her father's estate is entitled to one-third of the entire tract, less his one-third interest in what he conveyed to Mrs. Ward.

In valuing the three tracts of land conveyed to

the three daughters, the enhancement of each tract by reason of lasting and permanent improvements put upon it should be excluded, as the daughter should not be charged with her own means which she has put in the land, but only with what her father gave her, and, if the land was charged to her at its value when the deed was made, in so far as this value is due to her permanent improvements, she would be charged with her own means put in the land. The cost of the improvement is not to be deducted, but only the amount of the enhancement of the property at the date of the deeds by reason of permanent and lasting improvements put on the property by the daughters, or their husbands for them. Mere repairs, or such things as were needed to meet ordinary wear and tear, or to keep the place in as good condition as when received, should not be deducted.

On the return of the case to the circuit court, the advancements to the three children will be computed as above indicated, and the personal estate will be distributed so as, as far as possible, to equalize all of the children.

On the cross-appeal the judgment is affirmed.

On the original appeal the judgment is reversed, and the cause remanded for further proceedings consistent herewith.

January 7, 1907. On petition for rehearing, opinion modified. Whatever is set apart to the estate of T. B. Johnson out of the 178-acre tract as directed in the opinion, should be allotted to his grantee, Thomas N. Johnson under his deed. The opinion is modified to this extent.