### MARY J. BURGESS ET AL. v. J. H. McCOMMAS ET AL.

Decided May 21, 1910.

**1.—Deed—Construction.**

In the construction of a deed every part of it must be considered together, and its different clauses should not be construed as repugnant if by any reasonable interpretation they can be reconciled so as to give effect to each.

**2.—Same.**

If there is a limitation clause in a deed which is repugnant to and irreconcilable with its consistent granting, habendum and warranty clauses, it should be rejected and the intention of the parties determined from the other clauses.

**3.—Same—Case Stated.**

A deed from a father to his son recited a consideration of one dollar and love and affection; the granting, habendum and warranty clauses were in the usual statutory form, but the deed contained the following clause, "The land herein conveyed to be accepted by the said (son) as a portion of my estate, at its estimated value, whenever my estate shall be divided among my heirs after my death, as one of my heirs;" the evidence showed that the said

son took immediate possession, made valuable improvements on the land, paid the taxes thereon and asserted absolute, adverse and exclusive ownership and title thereto for twenty-five years during the lifetime of the father. Held, the deed was intended to take effect and pass and vest the title to the land in the son at the time it was delivered and not in the future.

### 4.—Same—Advancement—Valuation.

A deed from a father to a son was in the usual statutory form except that it contained the following provision: "The land herein conveyed to be accepted by the said (son) as a portion of my estate, at its estimated value, whenever my estate shall be divided among my heirs after my death, as one of my heirs." Held, even if said limitation clause could be construed as a contract between the father and son that the son would account for the land at its valuation at the time of the division of the estate, such stipulation should not be enforced because in contravention of art. 1694, Rev. Stats., which provides that advancements should be accounted for at their value at the date of the advancement.

Appeal from the Forty-fourth Judicial District, Dallas County. Tried below before Hon. E. B. Muse.

*Cockrell, Gray & Thomas* and *A. B. Flanary,* for appellants.—The deed itself showing the intention of John McCommas, its maker, and the consideration being contractual in its nature, parole testimony with respect to the same is inadmissible. Coverdill v. Seymour, 95 Texas, 1; Finn v. Krut, 13 Texas Civ. App., 45; Teague v. Teague, 31 Texas Civ. App., 156.

The stipulation in question in the deed is not in contravention of article 1694 of the Revised Statutes of Texas, in that said article refers only to advancements in the absence of contractual stipulation, and in that said article does not destroy the power of contract between parent and child. Art. 1694, Sayles' Rev. Stats.; Wimberly v. Bailey, 58 Texas, 222; Re Garcelon's Estate, 32 L. R. A., 595; Hale v. Hollon, 90 Texas, 427; McCall v. Hampton, 33 L. R. A., 266.

The statute, with respect to advancements and the time at which they shall be valued, does not destroy the power of contract between parent and child, nor prohibit the fixing of a time for valuation of property received by the child from the parent, other than the time when such property is received. Article 1694, Sayles' Rev. Stats.; Wimberly v. Bailey, 58 Texas, 222; Re Garcelon's Estate, 32 L. R. A., 595, note; Ladd v. Stephens, 48 S. W., 915; Turner v. Kelly, 67 Ala., 173; Kean v. Welch, 1 Gratt. (Tenn.), 403; Hale v. Hollon, 90 Texas, 427; Nimmo v. Davis, 7 Texas, 26; McCall v. Hampton, 33 L. R. A., 266; Taylor v. Swafford, 123 S. W., 350.

*Wm. H. Clark* and *W. J. J. Smith,* for appellee.—The general rule in the construction of a written instrument is that every part of the instrument should be harmonized and given effect to, if it can be done; but this rule does not demand or permit that every part of a deed shall be given and treated as of equal weight. The clause plead by the appellant, if susceptible of appellant's construction, being repugnant to the granting, habendum and warranty clauses in the deed, it was proper for the court to entirely reject the clause, in which event, the proper judgment in this case has been rendered. Rev.

Stats., art. 627; Johnson v. Morton, 28 Texas Civ. App., 296; Bouldin v. Miller, 87 Texas, 366; Moore v. City of Waco, 85 Texas, 206; White v. Dedmon, 57 S. W., 870; Brown v. Bryant, 17 Texas Civ. App., 454; Scott v. Brin, 48 Texas Civ. App., 500; Hancock v. Butler, 21 Texas, 804; Hawkins v. Lee, 22 Texas, 547; Blackwell v. Blackwell, 32 S. E., 676; Hart v. Sansom, 110 U. S., 153; 2 Washburn on Real Property (3rd. ed.), 558, 466; 2 Parsons Contracts, 513; 2 Blackstone, 321.

In the construction of a deed, clauses therein should not be construed as repugnant if by any reasonable interpretation they can be reconciled so as to give force and effect to each of them. Ferguson v. Union Mut. L. Ins. Co.; 72 N. E., 358; Barber v. Fire & Marine Ins. Co. of West Va., 37 Am. Rep., 800.

If the construction put upon the clause by appellants be its meaning, it is repugnant to art. 1694, of the Rev. Stats. of Texas, and should be rejected in construing the deed. Doebler's Appeal, 64 Pa. St., 9; Bouldin v. Miller, 87 Texas, 359; Ward v. Johnson, 97 S. W., 1110; Lott v. Kaiser, 61 Texas, 667, 669.

TALBOT, ASSOCIATE JUSTICE.—The appellants, W. M. McCommas, Mary J. Burgess and her husband, D. C. Burgess, Mattie Williamson and her husband, W. F. Williamson, Priscilla Clements and her husband, John Clements, Lura Vance and her husband, J. W. Vance, brought this suit on the 14th day of May, 1909, against J. H. McCommas, Josephine Daniel and her husband, W. R. Daniel, for partition and distribution of the estate of their deceased parents, John and Missouri McCommas, for disclosure as to advancements received, for the appointment of a receiver to hold the property *pendente lite,* plaintiffs offering to account for their advancements, and particularly praying for the construction of a deed executed by the father, John McCommas, to his son, the defendant John H. McCommas, on the 23rd day of January, 1884.

Plaintiffs alleged that they and the defendants are the sons and daughters of John McCommas and Missouri McCommas, except those joined *pro forma,* and that they are the only heirs of said John and Missouri McCommas, both dying intestate, and that no necessity for administration exists. That a large part of the property belongs to the separate estate of John McCommas, the father, and the balance to the community estate of the said John McCommas and his said wife, Missouri McCommas. The plaintiffs further averred that the defendant, John H. McCommas, occupies and has occupied the property conveyed in said deed, dated January 23, 1884, since its date, appropriating to himself its rents and revenues; that the nominal consideration of one dollar was not paid by the defendant, and that no other consideration was paid by the defendant, John H. McCommas, for the said land; that there is a stipulation contained in said deed, viz.: "The lands herein conveyed to be accepted by John H. McCommas as a portion of my estate, at its estimated value, whenever my estate shall be divided among my heirs after my death, as one of my heirs;" that this stipulation was a part of the agreement and contract between John McCommas, the deceased father, and the defendant, John H.

McCommas, and that the reasonable market value of the land conveyed in said deed at the time of the death of the said John McCommas, and at the time when the estate of the said John McCommas shall be divided among his heirs, was, and will be the sum of four hundred dollars per acre, and that the valuation of such land at such time is, and will be of an estimated value greater than the interest of the defendant, John H. McCommas, in the estate of the said John McCommas, and that by accepting said land under said deed, the said John H. McCommas has received property largely in excess of his pro rata interest in the estates of his father and mother, and in the estates of each of them. Plaintiffs also plead that the said deed did not vest present title to the said land in the defendant, John H. McCommas, but that the same was a deed to take effect in the future, and that a perfect title should not vest in the said John H. McCommas until the death of the said John McCommas, and that he should account for the said land at such time at its estimated value as stipulated in the said deed, viz.: Whenever the estate of the said John McCommas should be divided among his heirs after his death. That the defendant, John H. McCommas, had not elected to abide by the condition in said deed, nor to account for the said land at its value at the time stipulated in said deed, wherefore they plead in the alternative that title to the said land had not passed into the defendant, John H. McCommas, and that the same should be partitioned among all the heirs of the said John McCommas and of his said wife, Missouri McCommas. Plaintiffs further alleged that the property so conveyed unto the defendant, John H. McCommas, was the separate estate of John McCommas, but, in the alternative, that it was community property, and that no consideration moved to the community estate of John and Missouri McCommas therefor; and that thereby title to half of the said land remained in the community estate of the said John and Missouri McCommas, and should be partitioned herein.

The defendants, Josephine Daniel and her husband, W. R. Daniel, appeared and adopted the allegations made in plaintiffs' petition.

The defendant, J. H. McCommas, in his amended answer, after a general denial, plead specially, admitting the heirship of plaintiffs and defendants as alleged and that he inherited a one-seventh interest in the estates of his father and mother, and that the same are susceptible of partition, and agreed to the receivership; and with respect to the deed in controversy, averred that the land was conveyed to him absolutely as a gift by his father, and that the said deed was recognized and treated by defendant's father as a gift; the statutes of limitation of three, five and ten years; that the land conveyed can only be held as an advancement against his interest in the estate of his father, John McCommas, and not as against any interest in the estate of his mother; that in the event the deed be held to be an advancement, he should only be held to account for the land at its value at the date of the execution of the deed, January 23, 1884, and, in the alternative, offered to account for same at such valuation; and that, if said deed be not held to be a mere gift, the same operates merely as an advancement, and that any valuation other than the valuation at the time of the advancement would be illegal and contrary

to the fixed valuation made by article 1694 of the Revised Statutes of Texas; that it was the intention of the maker of the deed that the defendant should occupy the land conveyed as a home, and be a close neighbor and companion to him, and that it was not the intention of the maker, his father, that the defendant should be charged any sum other than the valuation of the land at the date of the deed, which was alleged to have been the sum of twenty-five dollars per acre; that if there are any words in the deed stating any intention on the part of the father that the defendant should account for the land conveyed to him as of its value at this time and not at the time of the gift, that such words were inserted by the mutual mistake of this defendant and his said father, and that neither the defendant nor his father so understood the deed, and on such account the defendant prayed that the deed should be reformed.

The plaintiffs filed a supplemental petition excepting to the allegations in the defendant's answer, and specially pleading, in reply thereto, matters we deem unnecessary to state.

The case was submitted to the jury on special issues, the court charging the jury as to the uncontradicted facts with respect to heirship and amounts of property on hand, and the amounts of advancements received by the several parties other than the defendant, John H. McCommas; submitting also special issues requested by plaintiffs, and which charge of the court was supplemented by an answer given by the court to a question propounded by the jury.

The plaintiffs filed their motion, asking the court to render judgment in their favor notwithstanding the verdict of the jury, which said motion was overruled, to which appellants excepted. The court entered judgment ordering partition, and charging the defendant, John H. McCommas with twelve hundred and fifty dollars for advancements, being the value of the land conveyed to him by his father at the time of said conveyance in 1884, and decreeing that the deed to John H. McCommas was an absolute deed, and that the title to the same be forever quieted in him. The plaintiffs, and defendants Daniel and wife, filed amended motion for a new trial, which was overruled by the court, and they have brought the case to this court by appeal.

The deed from John McCommas to the appellee, John H. McCommas, dated the 23rd day of January, 1884, is as follows:

"The State of Texas, County of Dallas.

"Know all men by these presents: That I, John McCommas, of the County of Dallas, State of Texas, in consideration of the sum of one dollar, and love and affection for my son John H. McCommas of the County of Dallas in the State of Texas, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said John H. McCommas of the County of Dallas in the State of Texas, all that certain lot, tract or parcel of land, described as follows: Situated in the County of Dallas in the State of Texas, about five miles N. 30 E. from the Court House in the City of Dallas, the same being a part of the headright of Amon McCommas, deceased, and also a part of a tract of 160 acres partitioned among the heirs of John W. Herndon, deceased, and known as lot No. One

of (25) twenty-five acres set apart to Albert Herndon in the partition of said estate: Beginning at the N. E. corner of said 160-acre tract so partitioned; thence west with the north line of said tract (50) fifty rods; thense south (80) eighty rods; thense east (50) fifty rods to east line of said 160-acre tract; thence north (80) eighty rods with said line to the beginning. Also (25) twenty-five acres out of the above Amon McCommas headright survey and said described 160-acre tract, and described as follows: Beginning at the S. W. corner of the above described 25-acre tract, which is also the N. W. corner of lot 4 of said partition; thence west (50) fifty rods; thence south (80) eighty rods to the south line of said 160-acre tract; thence east (50) fifty rods to the S. W. corner of said lot No. 4; thence north (80) eighty rods to the beginning—this last described being lot No. 3 in said partition—the lands herein conveyed to be accepted by the said John H. McCommas as a portion of my estate at its estimated value, whenever my estate shall be divided among my heirs after my death, as one of my heirs. Together with all and singular the rights, members, hereditaments and appurtenances to the same belonging, or in any wise incident or appertaining.

"To have and to hold all and singular, the said premises unto the said John H. McCommas, his heirs and assigns forever. And I hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said John H. McCommas . . . heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my hand, this 23rd day of January, A. D. 1884.

"John McCommas."

This deed was properly acknowledged and duly recorded in the office of the county clerk of Dallas County, January 26, 1884. There was a small house on the land, and the appellee, John H. McCommas, lived on the land in 1883 and paid rent. Immediately upon the execution of the deed he took possession under it and since that time has paid the taxes, made valuable improvements on the land, and lived on it with his family claiming it as his own, without his title thereto ever being questioned by his father up to the time of his death in 1909, or by the appellants until a short time before the filing of this suit.

The parole evidence admitted by the court over the objections of the appellants, was to the effect that the deed in question was made by John McCommas and accepted by the appellee, John H. McCommas, as a gift, by way of advancement at its then value, to take effect upon its delivery and vest in the appellee the absolute fee simple title to the land therein described.

In answer to the special issues submitted the jury found that the deceased, John McCommas, intended the land deeded to the appellee to be an advancement, and that it was so understood by appellee; that the reasonable market value of the land at the date of the deed was $25 per acre; that the reasonable market value of the land at the date of the trial of this case was $350 per acre; that it was the in-

tention of John McCommas, deceased, that appellee should account for the land at its value at the time the deed therefor was given.

Appellants contend, as we understand: (1) That the deed from John McCommas to appellee, John H. McCommas, dated January 23, 1884, was not intended to and did not pass title to the land therein described, presently, but was a conveyance to take effect after the death of the grantor, and therefore, the trial court erred in failing to require appellee to account for said land at its valuation, at the time of the partition of his father's estate; (2) that there is no latent ambiguity in said deed, but upon its face shows the intention of John McCommas, its maker; and the consideration being contractual in its nature, parole evidence was inadmissible with respect thereto, therefore, the trial court erred in overruling appellants' special exception to those paragraphs of the answer of the said John H. McCommas pleading the defense that said deed constituted a statutory advancement for which he should account at the value of the land at the time of such advancement; (3) that the stipulation in said deed, namely, "The land herein conveyed to be accepted by John H. McCommas, as a portion of my estate, at its estimated value, whenever my estate shall be divided among my heirs after my death, as one of my heirs," is not in contravention of article 1694 of the Revised Statutes of this State, because said article refers only to advancements in the absence of contractual stipulations, and does not destroy the power of contract between parent and child, nor prohibit the fixing of a time of valuation of property received by the child from the parent other than the time when such property is received, therefore, the trial court erred in overruling the motion of appellants for judgment in their favor, notwithstanding the verdict of the jury, because it was the duty of the court to construe the deed in question, and the proper construction of said deed is, and should have been so declared, that the appellee, John H. McCommas, should account for the value of the land at the time of the division of the estate of the deceased, John McCommas, and not at the time of the execution of said deed.

We are of the opinion that the deed from John McCommas to the appellee, dated January 23, 1884, should be construed to be a conveyance in praesenti, vesting the absolute ownership and fee simple title to the land therein described in the appellee at the date of its delivery in 1884, as an advancement to be accounted for whenever the estate of John McCommas was partitioned and distributed at the value of the land at the time it was given to appellee. It seems to be well settled that in the construction of a deed every part of it must be considered together, and that its different clauses should not be construed as repugnant if, by any reasonable interpretation, they can be reconciled so as to give effect to each. It is also a well settled rule of construction in this State, as we understand the decisions, that if there is a limitation clause in a deed which is repugnant to, and irreconcilable with its consistent granting, habendum and warranty clauses, it should be rejected, and the intention of the parties determined from the other clauses.

The undisputed evidence shows that the deed under consideration was delivered to appellee at the time of its execution in January, 1884;

that he then took possession of the land therein conveyed, and ever since that time with his family has occupied it as a homestead, making valuable improvements thereon, paying the taxes, and asserting absolute, adverse and exclusive ownership and title to the same. This possession and assertion of ownership and title existed for about twenty-five years during the lifetime of his father, without his right to so deal with the land being questioned by any one.

The granting clause of the deed reads: "Have granted, bargained, sold and conveyed and by these presents do grant, bargain, sell and convey unto the said John H. McCommas all that certain lot, tract or parcel of land," (describing the land). The habendum clause reads: "To have and to hold all and singular the said premises, unto the said John H. McCommas, his heirs and assigns forever." The warranty clause reads: "And I hereby bind myself, my heirs, executors and administrators to warrant and forever defend, all and singular the said premises unto the said John H. McCommas . . . heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof." Now, if it be held that the clause, "The land herein conveyed to be accepted by the said John H. McCommas as a portion of my estate, at its estimated value, whenever my estate shall be divided among my heirs after my death, as one of my heirs," characterizes the deed as one to take effect *in futuro,* as contended by appellants, then said clause is repugnant to the other clauses of the deed quoted, and entirely inconsistent with the action of the grantor in placing the grantee in possession of the land and allowing him to remain in possession thereof, with knowledge of his claim of title and adverse holding under said deed, without protest or complaint for the period of twenty-five years elapsing between the date of the deed and the death of the said grantor, in 1909. On the other hand, to hold that the language of said clause, "the land herein conveyed to be accepted by the said John H. McCommas," means that said land was to be accepted by John H. McCommas at the date of the delivery of said deed in 1884, and therefore, that it was intended thereby to pass and vest present title in the said John H. McCommas, then every part of the instrument will be made to harmonize in this respect and full effect given to it. That the deed is susceptible of, and should be given the latter construction, we think there can be but little or no doubt.

In reference to the contention that the limitation clause in the deed evidences a contract between the appellee and his father, John Mc-Commas, to the effect that appellee would account for the land conveyed to him at its valuation at the time of the division of the estate of the said John McCommas, we hold that such is not the clear and unequivocal import of the language of said clause, but that, if it is, such stipulation is in contravention of article 1694 of the Revised Statutes, and should not be enforced. That article of the statute provides that where any of the children of a person dying intestate shall have received from such intestate in his lifetime any real estate by way of advancement, and shall choose to come into the partition and distribution of the estate with the other distributees, such advancement shall be brought into hotchpot with the whole estate, and such

party returning such advancement shall, thereupon, be entitled to his proper portion of the whole estate, "provided, that, it shall be sufficient to account for the value of the property so brought into hotchpot at the time it was advanced." The effect of this statute upon a contract such as appellants claim is shown by the clause of the deed in question, has not been determined by any appellate court of this State, so far as we are advised. No such adjudication has been cited by appellants' counsel and we have been unable to find any.

In Ward v. Johnson, 97 S. W., 1110, the Supreme Court of Kentucky was called upon to construe, evidently under a similar statute to ours, a somewhat similar provision in a deed. It appears that T. B. Johnson died intestate in 1904, having conveyed in his life time to three of his daughters tracts of land by way of advancements. The court, after stating that each of the three daughters must account for the value of the land so conveyed at the time it was conveyed to her, says: "In the deed to Mrs. Evans is this language: 'I hereby value said sixty-five acres of land at the sum of two thousand dollars ($2000).' In the deed to Mrs. Lockridge is this language: 'In making this deed to this daughter I consider that I have given her, her just share of my estate, both real and personal, and I stipulate that she shall have no further claim in my estate either in realty or personal property.' In the deed to Mrs. Ward the same language occurs. The rule is, that a child must account for any advancement made by the parent at its real value. The valuation of the property fixed at the time may be considered by the court in connection with the other proof in determining its value, but it is not conclusive. If the parent undervalues the property, he can not in this way, by making the deed, avoid the operation of the statute and favor one child above another. If he overvalues the property the result is the same. The property was a gift, and in the settlement of the estate each child must account for what he received, without regard to the value the parent fixed upon it. The statements in the deeds to Mrs. Lockridge and Mrs. Ward that he considered that he had given each of them her just share in his estate, and that he stipulated that each of them should have no further claim in the estate, is equally ineffective. He could by will have disposed of his entire estate, but he could not, by making advancements by deed, charge one of his children more for the property conveyed that the property was in fact, worth. He was as powerless to put the property to the child at more than it was worth, as he was to convey it to her for less than it was worth. The statute operates upon the estate which he left."

Likewise, our statute operates upon the estate left by an intestate, and property given by way of advancement when brought into hotchpot with the whole estate for partition, should be valued as at the time the same was received by the child, and not at the time the estate is distributed among his surviving heirs. The parent may make advancements to his child in his lifetime to be charged against such child in the division of his estate after death, but he can not avoid the operation of the statute by a stipulation in the deed to the effect that the property therein conveyed shall be accounted for at its valuation at the time of the partition and distribution of his estate. To

do so would deprive the child of a valuable right and privilege which our statute annexes to an advancement when made, or compel him to forego the acceptance of the gift.

The other assignments of error need not be discussed.

If the foregoing views of the law are correct, neither the submission of the special issues to the jury, the rulings of the court on the demurrers, nor the admission and rejection of the evidence complained of by appellants, furnishes ground for a reversal of the case. The proper judgment, in our opinion, has been rendered, and it is affirmed.

*Affirmed.*

Writ of error refused.