GEORGE BERRY ET AL. v. R. L. SPIVEY ET AL.

Decided October 21, 1906.

**Deed—Construction—Rule in Shelley's Case.**

A deed contained the following language ". . . . I do by these presents grant, give and set over in fee simple and forever unto Susan D. Berry a certain tract of land . . . . To have and to hold said land unto the said Susan D. Berry and the heirs of her body begotten by my said son, K. L. Berry, without the power, nevertheless, on her part or on the part of herself and

her husband jointly or severally to alienate or otherwise dispose of said land or any part thereof until the youngest child begotten now or hereafter of her by my said son, K. L. Berry, shall have arrived at the age of twenty-one years if a son, or until the same shall have married, if a daughter. Together with all and singular the rights, titles, interests and appurtenances belonging or anywise appertaining. To have and to hold to cultivate and use said land as her said property according to the stipulation hereinbefore made," with covenant of general warranty. Held, the restraint upon alienation was valid and binding, and the deed did not come within the rule in Shelley's case.

Appeal from the District Court of San Augustine County. Tried below before Hon. Jas. I. Perkins.

*T. L. Foster, W. T. Davis* and *G. P. Dougherty,* for appellant.—An estate in remainder, created by a will or deed of one person to the joint heirs of two persons, is not within the rule in Shelly's case. Washburn on Real Property, vol. 2, p. 599 (4th ed.) ; Tiedeman on Real Property, sec. 434; Devlin on Deeds, sec. 846; Hancock v. Butler, 21 Texas, 804; Simonton v. White, 93 Texas, 50.

Where the granting clause in a deed conveys to the grantee a fee simple title to property and by the habendum to the said deed, an estate in remainder in the property is conveyed to the children of the grantee, the two clauses are not in conflict, and the deed will be so construed as to effectuate the intention of the grantor, and the legal effect of such an instrument is to convey a life estate in the property to the grantee named, with remainder to his children. Devlin on Deeds, secs. 215, 219; Hall v. Wright, 87 S. W. Rep., 1129.

Where a conveyance of land to a married woman contains a provision restraining alienation and the purpose of said restraint is obvious, the property passes charged with a trust, and the provision is valid and a sale of the property in violation of said provision is void. Wallace v. Campbell, 53 Texas, 229; Monday v. Vance, 92 Texas, 428; Simonton v. White, 93 Texas, 50.

No brief for appellee.

JAMES, CHIEF JUSTICE.—The question at issue involves the construction of the following deed:

"The State of Texas,    }
County of San Augustine.}

'Know all men by these presents: That I, John G. Berry, of said state and county, in consideration of the love and affection which I have for my beloved daughter-in-law, Susan D. Berry, wife of my son, K. L. Berry, have this day and I do by these presents grant, give and set over in fee simple and forever unto Susan D. Berry, a certain tract of land estimated to contain seventy acres. The said tract of land is situated about one mile north of the town of San Augustine on the Shelbyville road, the same being a part of the Quirk land; commencing at the northeast corner of the land conveyed by the said John G. Berry to Cornelia E. Berry. Thence east with the said tract to a branch. Thence with the meanders of said branch to Col. A. Horton's south line. Thence west with said Horton's line to the Shelbyville road. Thence

with said road to the place of beginning, supposed to contain seventy acres, be the same more or less. To have and to hold said land unto the said Susan D. Berry and the heirs of her body begotten by my said son K. L. Berry, without the power, nevertheless, on her part or on the part of herself and her husband jointly or severally to alienate or otherwise dispose of said land or any part thereof until the youngest child begotten now or hereafter of her by my said son K. L. Berry shall have arrived at the age of twenty-one years if a son, or until the same shall have married, if a daughter. Together with all and singular the rights, titles, interests and appurtenances belonging or anywise appertaining. To have and to hold, to cultivate and use said land as her said property according to the stipulation hereinbefore made, and I hereby put my said daughter-in-law in possession of said land under this deed of gift and bind myself, my heirs, executors, assigns to defend the title to said land unto my said daughter-in-law against the claims of all persons whosoever lawfully claiming or to claim the same or any part thereof.

"Given under my hand and scroll for seal on this the 23d day of June, A. D. 1870.

(Signed) John G. Berry.

"Attest: I. D. Thomas, A. E. Baker."

The appellants (plaintiffs below) are the children of Susan D. Berry by her husband K. L. Berry, some born before and some after the execution of said deed, and some of them still minors. They brought this suit to recover the land, contending in the trial court, as they do here, that Mrs. Berry having died (in 1895) they were entitled to it under the deed as against appellees to whom Mrs. Berry and husband had conveyed it.

The trial judge found that defendants had not acquired title by limitations which was one of the contentions, but were entitled to the land because the deed came within the rule of Shelly's case and vested in Mrs. Berry a fee simple title—and further that the restriction upon alienation contained therein was void.

The restraint upon alienation was not void, it being necessarily limited to the life of Mrs. Berry. The deed was not within the rule in Shelly's case. The granting clause it is true purports to convey the land to Mrs. Berry in fee simple. The habendum clause which immediately follows shows that the grantor intended by this that she should hold the legal title, with power in herself and husband to convey it after her youngest child then or thereafter begotten by grantor's son, her then husband, should arrive at the age of twenty-one years, or the same should marry, if a daughter, and that if she died without having conveyed it as so authorized, it should go to the children of herself begotten by her said husband.

The intention of the grantor may be expressed in the habendum clause, or anywhere else in the instrument, and when it may be ascertained from the instrument it should be given effect, without regard to technical rules of construction. There is no necessary repugnance between the granting and habendum clauses of this deed. The former vested in her the fee simple title, which excluded any reversionary in-

terest. The latter was explanatory of how she was to hold that title. (Hall v. Wright, 87 S. W. Rep., 1129.) The intention of the deed was to give a remainder estate to her said children provided she died without having conveyed it as authorized by the terms of the deed.

The conveyance she and her husband made was in violation of the restriction in the deed. and was at a time when the deed prohibited it. Therefore, in order to sustain the judgment of the District Court, it must be upon the ground that the deed, construed in connection with the explanatory or restrictive clauses, nevertheless vested in Mrs. Berry the absolute fee, under the rule in Shelly's case.

This we are unable to hold. The limitation over is not to her heirs, nor even to the heirs of her body, for it designates her children, and this class is further restricted to her children by a particular husband. We regard this conclusion as free from doubt and will content ourselves by citing some of the cases. Simonton v. White, 93 Texas, 50; Hall v. Wright, supra; Kesterson v. Bailey, 35 Texas Civ. App., 235; Thompson v. Crump, 50 S. E. Rep., 457; Dawson v. Quinnerly, 24 S. W. Rep., 483.

*Reversed and rendered.*