### SCHMITTOU v. DUNHAM et al.

(Court of Civil Appeals of Texas. Amarillo. Dec. 9, 1911. Rehearing Denied Jan. 12, 1912.)

1. VENDOR AND PURCHASER (§ 224*)—BONA FIDE PURCHASER—QUITCLAIM.

A grantee of one holding by quitclaim cannot be a bona fide purchaser, but takes only such title as the grantor in the quitclaim had at the date thereof; and therefore subject to the parol trust on which the land had been conveyed to such grantor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 469–473; Dec. Dig. § 224.*]

2. DEEDS (§ 25*)—QUITCLAIM DEED.

Whichever rule be applied, that giving controlling force to the first of two repugnant clauses in a deed, or the more modern one, that the deed shall be construed according to the intent as it appears from the entire writing, the deed of W., in the form of a warranty deed, otherwise than that in the "premises," immediately following the description of the land, and preceding the habendum, is the recital, "the intention of the parties hereto is to convey any and all rights, title and interest they may have, either from purchase, gift, devise or inheritance, in and to the above lands, and all the lands of D. and his wife," is a quitclaim.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 49; Dec. Dig. § 25.*]

3. TRUSTS (§ 44*) — PAROL TRUSTS — EVIDENCE.

Testimony of one to whom lands not purchased by her were conveyed that at the time she took the deeds she understood she was taking them to hold for certain children, and of another that "she [the grantor] aimed for the children to have it [the lands conveyed]; That is what she said"—is sufficient to establish a parol trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 66–68; Dec. Dig. § 44.*]

4. PARTITION (§ 9*)—PARTITION OF PROPERTY BY RELATIVES—EFFECT.

The undivided interest in lands vested in minors by death of the father is not affected by an attempted partition of the lands by their mother, aunt, and grandmother by an exchange of deeds.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 26–32; Dec. Dig. § 9.*]

5. PARTITION (§ 83*)—SCOPE OF RELIEF.

All the parties being before the court in a partition suit, it is immaterial whether limitations pleaded as a bar to cancellation of a deed avail, the deed, a quitclaim, which, under the evidence, conveyed only the naked legal title, having no effect on the right to partition according to the equities.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 228, 229; Dec. Dig. § 83.*]

6. PARTITION (§ 83*)—SCOPE OF RELIEF.

Where the conveyance by S. for the benefit of minors of part of a tract, in all of which she had an undivided interest, was but part of an attempted partition, and the deed on behalf of the minors, to her of another part of the tract was void, the court in a partition suit should adjust the equities so as to reimburse her for her interest in what she conveyed, should the minors plead limitations in bar of her effort to cancel her deed, and the court sustain her plea.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 228, 229; Dec. Dig. § 83.*]

Appeal from District Court, Clay County; A. H. Carrigan, Judge.

Suit by T. H. Nichols against Joseph A. Dunham and another; S. E. Schmittou being made a party on suggestion of defendants. From the judgment Schmittou appeals. Reversed and remanded.

Speer & Weldon, for appellant. Taylor, Jones & Humphrey and Montgomery & Britain, for appellees.

HALL, J. This suit was instituted by T. H. Nichols against Joseph and Henrietta Dunham, minors, to partition certain real estate set out in his pleadings. The defendants answered, admitting their cotenancy with plaintiff, and further pleaded that Mrs. Schmittou was holding and claiming certain portions of the land belonging to them and by proper process made her a party to the suit.

Briefly stated, the material facts are these: The land in controversy was the community estate of Joseph A. and Emily Dunham, the parents of Mrs. Schmittou, and the grandparents of the defendants, Joseph and Henrietta Dunham. Joseph A. Dunham died prior to the year 1899, and left surviving him his widow, Emily Dunham, and a daughter, now Mrs. Schmittou, and a son, H. O. Dunham. H. O. Dunham died during the year 1899, and left surviving him his widow, Liza Dunham, and their two minor children, the defendants in this suit. After the death of H. O. Dunham, and on September 29, 1899, Mrs. Emily Dunham, the surviving wife of Joseph A. Dunham, executed four deeds, in which she con-

veyed to Liza Dunham, her daughter-in-law and the mother of defendants, and to her daughter, Mrs. Schmittou, all of the community real estate of herself and her deceased husband, Joseph A. Dunham. The transfers are in regular form, duly acknowledged, and recite the consideration of love and affection. On the same day Liza Dunham, by her two warranty deeds, conveyed to Mrs. Schmittou 170 acres of this land, and on the same day Mrs. Schmittou, joined by her husband, by two warranty deeds, each reciting $100 consideration, conveyed to Mrs. Liza Dunham the remainder of the land, amounting to 221½ acres. These instruments describe several tracts of land therein mentioned by metes and bounds. The consideration named in the deeds from Mrs. Liza Dunham to Mrs. Schmittou does not appear in the record. Mrs. Schmittou still holds that portion of the land conveyed to her by Mrs. Liza Dunham. After September 29, 1899, Liza Dunham, the mother of the minors, married E. O. White, and on the 11th day of February, 1905, joined by her then husband, she conveyed the said 221½ acres to Will Simpson by warranty deed, reciting a consideration of $1,500, and following the form for such conveyances as prescribed by article 628, Sayles' Civil Statutes, with this exception: Immediately following the description of the land, and preceding the habendum clause, is this recital: "The intention of the parties hereto is to convey any and all rights, title and interest they may have, either from purchase, gift, devise or inheritance, in and to the above lands, and all the lands of Jos. Dunham and his wife Emily Dunham." The granting clause is that prescribed in the statutory form, and it will be seen harmonizes with the habendum clause as to the estate granted, but is repugnant to the above-quoted paragraph, which undertakes to state the intention of the parties. Thereafter, on the 16th day of February, 1909, Will Simpson and wife conveyed the premises by deed regular in form to the plaintiff; the warranty clause concluding with the words "by, through and under us, and no further." The record fails to show when any of the deeds were filed or recorded. At the time of the trial Mrs. Liza Dunham, the mother of the minors, who had previously married White, was the wife of T. N. Staats.

Appellant, Mrs. Schmittou, alleged that in exchange for her part of the land she accepted a warranty deed from Liza Dunham (White) (Staats) to the 170 acres, and prayed that, in the event the court should find the Dunham heirs had an interest in her land, then that she have judgment over against Liza Dunham Staats and her present husband, T. N. Staats, in a sum equal to the value of any lands that might be awarded to the Dunham heirs. She also alleged that the conveyance by her to Liza Dunham was in trust for the Dunham heirs, and that Liza Dunham's conveyances to Will Simpson passed no title because said Simpson knew of the trust, and, further, that said conveyance to Simpson was a quitclaim deed only, and that plaintiff himself held under a quitclaim deed from said Will Simpson, each and all having notice of the rights of the Dunham heirs; that, if the Dunham heirs claimed any interest in her land, held by her under the conveyance from Liza Dunham, then the consideration for her conveyance to Liza Dunham would fail, and she prayed for a rescission of the conveyance between them, and especially her deed wherein she conveyed to Liza Dunham the land conveyed to plaintiff Nichols. Plaintiff replied by a supplemental petition that he was an innocent purchaser for value, and had no knowledge of the trust alleged in Liza Dunham, nor that the consideration for the conveyance of appellant had failed. He set up the four-year statute of limitation in bar to defendant's effort to cancel the deed. The cause was tried before the court without a jury, who rendered judgment for plaintiff Nichols for a three-fourths undivided interest in the land described in his petition, subject to the rights of the minors, Henrietta and Joseph Dunham; that Mrs. Schmittou have a three-fourths undivided interest in the land described by her in her cross-action, subject also to the rights of said minors; that the said minors have a one-fourth undivided interest in and to all of the lands described in the pleadings of both the other parties. It was further decreed that appellant was not entitled to recover anything against defendant T. N. Staats, and his wife, Liza Dunham Staats, nor against plaintiff Nichols. From this judgment Mrs. Schmittou alone appealed.

[1, 2] As we view the controversy, the deed from Liza Dunham White to Will Simpson is the pivotal point upon which the case must turn. By her third assignment, appellant, Mrs. Schmittou, insists that this conveyance was a quitclaim deed, and if her contention is sound, and it be held to be merely a quitclaim upon its face, then plaintiff cannot be a bona fide purchaser and took only such title as Mrs. Liza Dunham White (now Staats) had at the date of the conveyance from herself and her then husband, White, to plaintiff's vendor, Simpson. Culmell v. Borroum, 13 Tex. Civ. App. 458, 35 S. W. 942; Richardson v. Levi, 67 Tex. 359, 3 S. W. 444; Laughlin v. Tips, 8 Tex. Civ. App. 649, 28 S. W. 551; Taylor v. Harrison, 47 Tex. 460, 26 Am. Rep. 304; Harrison v. Boring, 44 Tex. 256. We have met with no little difficulty in the determination of this question. The courts of this state have considered it in a great many cases, and in doing so have construed deeds containing almost as many different provisions as there are cases. We have not, however, been able to find any one where the instrument construed is exactly like the one under

consideration. The general rule for the construction of deeds containing irreconcilable clauses is that the first clause must prevail. Witt v. Harlan, 66 Tex. 660, 2 S. W. 41, The rule should not be extended to a case of repugnancy between parts of the same clause. Zittle v. Weller, 63 Md. 190. The strictness of the ancient rule as to repugnancy in deeds is much relaxed so that in this, as in other cases of construction, if clauses or parts are conflicting or repugnant, the intention is gathered from the whole instrument instead of from particular clauses. 13 Cyc. 618.

Let us apply this rule to the facts of this case. As before stated, the quoted clause immediately precedes the habendum, and is therefore a part of the premises of the instrument. The "premises" of a deed include all that part of the instrument preceding the habendum and tenendum. Shepard v. Hunsacker, 1 Posey Unrep. Cas. 578. Generally it contains the names or description of the parties, explanatory recitals, including the consideration and its receipt, a description of the realty, the exceptions, if any, and sometimes a designation of the estate or interest conveyed, though the last is properly the office of the habendum (9 Am. & Eng. Enc. of L. [2d Ed.] 137); also recitals explaining the operation of the deed and the reasons for executing it (13 Cyc. 537). The office of the premises of a deed is to name the grantor and the thing to be granted or conveyed, and it is the premises that make the gift. Wright v. Lancaster, 48 Tex. 250. Construed according to this rule, the instrument in question is in our opinion a quitclaim. The courts of this state seem to have followed the general trend of the authorities in other states and have not adhered strictly to the rule above stated, and, where the intention of the parties to the instrument could be ascertained by reference to the whole instrument itself, such expressed intention has governed the courts in their construction. "Whether a conveyance be a quitclaim or not is dependent upon the intent of the parties as that intent appears from the language of the instrument itself." Garrett v. Christopher, 74 Tex. 453, 12 S. W. 67, 15 Am. St. Rep. 850; Threadgill v. Bickerstaff, 87 Tex. 520, 29 S. W. 757. In the case of Culmell v. Borroum, supra, Fly, Justice, said: "Much has been written on what it takes to constitute an instrument, a conveyance of the land itself or merely a release of such title, however imperfect as may be alleged in the grantor, but the matter it would seem resolves itself into the task of arriving at the intention of the parties." And again: "If the deed, no matter how expressed, shows on the part of Baker an intention to convey the land itself to Johnson, then it is not a quitclaim, and would form the basis for the claim of innocent purchaser without notice, but, if it conveyed only the title that Baker may have had in the land, John-

son could not claim such character, but he is charged with notice of all the risks attending such a purchase." "Then intention of the grantor may be expressed in the habendum clause or anywhere else in the instrument, and, when it may be ascertained from the instrument, it should be given effect without regard to technical rules of construction." Berry v. Spivey, 44 Tex. Civ. App. 18, 97 S. W. 511. So whether we apply the rule giving controlling force to the first of two repugnant clauses, or follow the more modern doctrine, and construe the deed according to the intent as it appears from the face of the entire writing, it must be held to be a quitclaim. It follows that the plaintiff has only such title as Mrs. Liza Dunham White had at the date of her transfer to Will Simpson, and she conveyed only the "rights, title and interest" she had "either from purchase, gift, devise or inheritance, in and to the above lands and all the lands of Joseph Dunham and his wife, Emily Dunham." Of course, she could not hold any interest by inheritance. There being no will, no interest was devised to her. It is not claimed that she purchased it, and she therefore held it in trust for her children.

[3, 4] Upon this point she testified: "It is a fact that at the time I took the deed from Mrs. Emily Dunham and the other deeds from Mrs. Sarah E. Schmittou it was my understanding that I was taking them to hold for the children." Mrs. Schmittou testified: "She [Mrs. Emily Dunham] aimed for the children to have it [the land conveyed to Liza Dunham]. That is what she said." We think this was sufficient to establish a parol trust in favor of the minors. Upon the death of Joseph A. Dunham, intestate, the title to his undivided one-half of the community realty vested immediately in his daughter, Mrs. Schmittou, and his son, H. O. Dunham, in equal shares, and upon the death of H. O. Dunham, intestate, his share, being an undivided one fourth of the entire estate, vested immediately in his minor children, and such interest is in no way affected by the attempted partition made between their mother and their aunt and grandmother on September 29, 1899. By inheritance, they are entitled to this undivided one-fourth interest in the lands held by plaintiff and Mrs. Schmittou.

It is clear from the entire record that Mrs. Emily Dunham, Mrs. Liza Dunham, and Mrs. Schmittou fully intended on September 29, 1899, to partition the land between Mrs. Schmittou and the minors, that they were of the opinion that Mrs. Emily Dunham's deeds conveyed to the respective grantees the entire estate, including the undivided one-half interest which the minors and Mrs. Schmittou had inherited from Jos. A. Dunham, and that the exchange of deeds between Mrs. Schmittou and Mrs. Dunham, partitioning the lands in the same manner as they had been conveyed by Mrs. Emily Dunham, was

a valid and final partition. On account of the minority of the children, the attempted partition was a nullity. However, Emily Dunham had the right to make such disposition of her undivided one-half of the community estate of herself and Jos. A. Dunham as she desired, and, even though her deeds were executed under a mistake as to the extent of her powers of disposition of the community estate, they had the effect of vesting in her daughter, Mrs. Schmittou, her community interest in the tract of land described in the deed which she made to Mrs. Schmittou and also the effect of vesting in Mrs. Liza Dunham as trustee for the minors her community interest in the lands described in that deed. Both of said deeds were inoperative in so far as they attempted to dispose of more than her undivided one-half of the community. As hereinbefore stated, the other half thereof had vested in Mrs. Schmittou and in H. O. Dunham immediately upon the death of Jos. A. Dunham.

The land described in plaintiff's petition is the identical land described in the deeds from Mrs. Emily Dunham to Mrs. Liza Dunham and from Mrs. Schmittou to Mrs. Liza Dunham. We have seen that the minors own an undivided one-half in this tract by virtue of the conveyance from their grandmother, and they also own an undivided one-fourth of the remainder in this tract by inheritance from their grandfather through their father. The remaining undivided one-fourth in this tract is the property of Mrs. Schmittou by inheritance from her father. The exchange of deeds between Mrs. Schmittou and Mrs. Liza Dunham, being inoperative as a partition and considered as one transaction, have the effect of conveying the legal title only to the grantees therein to all that half of the respective tracts which passed by inheritance from Jos. A. Dunham, subject to be partitioned by the court. In other words, Mrs. Schmittou owned absolutely in her own right the undivided one-half of the 170-acre tract conveyed to her by her mother and an undivided one-half of the remainder of the estate inherited from her father. The minors own an undivided one-half of the 221 acres which was conveyed to their mother in trust by their grandmother and also an undivided one-half of the remainder of the estate, and the plaintiff Nichols, having acquired the 221½ acres under a quitclaim deed, holds only the bare legal title, which Mrs. Liza Dunham had and which she transferred to his vendor Will Simpson. The beneficial title to this 221½ acres has remained in Mrs. Schmittou and the minors.

[5, 6] As a result of what has been said, we think it becomes immaterial whether or not the deeds from Mrs. Schmittou to Mrs. Liza Dunham and from Mrs. Liza Dunham (White) to Simpson and from Simpson to plaintiff are canceled. Plaintiff, not being a bona fide purchaser, took the land subject to the parol trust, and the deeds in question conveying only the naked legal title, and the parties all being before the court, the four-year statute of limitation pleaded by plaintiff as a bar to appellant's effort to cancel the deed has no effect upon the rights of the parties to partition the land. The minors themselves do not plead limitation, and, even if they should, according to the view we take of the case, if a court of equity should sustain the plea, it would be the duty of the court in adjusting the equities to partition the property in such manner as to reimburse appellant for her undivided one-fourth which she attempted to convey by her partition deed.

We have not considered the assignments in detail, for the reason that we think the case was tried in the court below upon an erroneous theory, both as to the effect of the deeds and the rights of the parties thereunder. According to our view of the case, many of the assignments become immaterial, and the questions raised by them will probably not arise upon another trial. The judgment of the lower court is reversed, and the cause remanded, with instructions to proceed to partition the land in accordance with this opinion, unless the pleadings should be so amended as to present different issues.

Reversed and remanded.