### VAUGHN v. PEARCE et al.

(Court of Civil Appeals of Texas. Amarillo. Dec. 28, 1912. On Motion for Rehearing and to Certify, Feb. 1, 1913.)

1. JUDGMENT (§ 249*)—PROCEEDINGS—JUDGMENT—CONFORMITY TO PLEADING AND ISSUES.

In trespass to try title, necessarily involving the construction of the deed under which plaintiffs claim, a judgment that, under the deed, one of the plaintiffs took absolute title in fee was not objectionable as a judgment reforming the deed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 435; Dec. Dig. § 249.*]

2. DEEDS (§ 128*)—ESTATES CREATED—RULE IN SHELLEY'S CASE — "HEIRS BY DIRECT LINE OF DESCENT."

A grantor conveyed land to his daughter and to her heirs by direct line of descent, the ownership and right of possession to be and remain in the grantee during life, and at her death to go to such heirs. Held, that the term "heirs by direct line of descent" meant such children or their direct descendants as the grantee should have living at the time of her death, so that the rule in Shelley's Case did not apply, and the grantee took only a life estate.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 413–415, 419–421, 427; Dec. Dig. § 128.*]

3. FRAUDS, STATUTE OF (§ 58*)—PAROL LEASE OF LAND—WIFE'S SEPARATE ESTATE.

A parol lease by a wife of her separate property for a period of five years is invalid as being within the statute of frauds (Rev. St. 1895, art. 624).

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 90–92; Dec. Dig. § 58.*]

Appeal from District Court, Lynn County; W. R. Spencer, Judge.

Trespass to try title by G. R. Pearce and another against T. S. Vaughn. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

H. C. Ferguson, of Lubbock, for appellant. W. H. Bledsoe and J. E. Vickers, both of Lubbock, for appellees.

PRESLER, J. This suit involves a controversy over the title and possession of a section of land, and is brought by appellees in the form of an action of trespass to try title, and with the allegations usual in that form of action, and seeking to recover title and possession of said land. The appellant (defendant below) answered by a general demurrer, general denial, and plea of not guilty, and specially that appellant was in possession of only a specified portion of said tract (disclaimed possession as to the remainder), holding said possession under a lease for five years, made by appellees to one D. T. Rogers, who went into possession of the land and occupied it for a part of the time, then transferred the lease to J. M. Vaughn (son of appellant), who in turn transferred the lease and possession to appellant, and that both transfers were made with the knowledge and approval of appellees, and that said lease exempted the appellees' homestead, which was on a part of the section sued for. The case was tried by the court without the assistance of a jury, and judgment was rendered in favor of appellees for the recovery of the land, and providing that said land was the separate estate of the appellee Mary Emeline Pearce, and quieted

her in 'her title and possession of the same, divested all title out of T. S. Vaughn, and vesting same in the appellee Mary Emeline Pearce, as her separate property and estate. Thereupon appellant moved the court to correct and modify the judgment rendered so as to show that the land recovered is the separate estate of the said Mary Emeline Pearce, and that she recover only a life estate in the land, which was conveyed her by appellant, which motion was by the court overruled; the court holding in express terms that the absolute title in fee had been conveyed to the appellee Mary Emeline Pearce by the conveyance of appellant to her. From the judgment thus rendered, appellant duly appeals, and in this court seeks revision of said judgment.

[1] Appellant, under his first assignment, objects to the judgment of the court as entered on the ground that it reformed the deed from T. S. Vaughn to Mary Emeline Pearce, and that such relief could not be granted in an action of trespass to try title. We are of the opinion that this assignment is without merit, as there is nothing in the action, as brought, to indicate that it was a suit to reform a deed, or that the judgment rendered was for that purpose or had that effect. The suit, as brought, was for title and possession of the land in controversy, and necessarily involves the construction of the deed in question, under which appellees claim title; and, while we hereinafter hold that the court erred in its construction placed upon the terms of said deed, there is nothing in said judgment to indicate that it sought in any way to reform said deed. The assignment is therefore overruled.

[2] The decisive question presented by this appeal arises under appellant's second assignment, which is to the effect that the court erred in holding that the deed of appellant to the appellee Mary Emeline Pearce, under which she claims title to the land in controversy, conveyed to her the absolute title in fee simple to said land, and that, on the contrary, she took thereunder only a life estate. In reply to this appellees contend: (1) That the land having been paid for by appellant when he bought the land and took title in his own name with money in his possession, acquired by the sale of a tract of land owned by the appellee Mary Emeline Pearce as her separate estate, situated in Concho county, and theretofore given her as her separate property by said appellant, the equitable title of the land acquired with such proceeds, being the tract in controversy, vested in the said appellee, at the time of its purchase by appellant, and that the latter held the legal title in trust for her. (2) That, under the rule in Shelley's Case, the deed to the land in controversy, from appellant to the appellee Mary Emeline Pearce, vested in her not simply a life estate, but the unconditional fee to the land, and that the limitations and restrictions sought to be placed upon said conveyance are, by operation of said rule, inoperative and void. The deed in question, omitting the formal parts, is as follows: "Have granted, sold and conveyed (subject to the terms and provisions hereinbelow set out), and by these presents do bargain, sell and convey, unto the said Mary Emeline Pearce, of the county of Coke and state of Texas, and to her heirs by direct line of descent, the following described land in Lynn county, Texas, to wit: 640 acres of land known as survey No. 39, block 8"—and the following provisions in said deed: "The ownership and right of possession is to be and remain in the said Mary Emeline Pearce during her life, and at her death her said heirs, by direct line of descent, shall become the lawful owners and rightful possessors of said land, provided further that said land shall not be sold, transferred or conveyed to any person or corporation whatever, until each and all of the said heirs of the said Mary Emeline Pearce are of lawful age under the present law of the state of Texas. And in the event said land or any part thereof, or interest therein is so sold, transferred or conveyed, the same, or such part thereof, or interest therein so conveyed, sold or transferred, shall revert to me, the said T. S. Vaughn, and my heirs, executors and administrators. To have and to hold, the above-described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Mary Emeline Pearce, and her heirs by direct line of descent, and their assigns, according to the terms and provisions hereinbefore mentioned, and I hereby bind myself and my heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said Mrs. Mary Emeline Pearce, and her said heirs by direct line of descent, and their assigns, in accordance with and in conformity to the above provisions and stipulations herein mentioned, against every person whomsoever lawfully claiming or to claim the same, or any part thereof."

In disposing of the first above-mentioned contention of appellees, to the effect that Mrs. Pearce had title in fee to the land in controversy, because the proceeds of money arising from the sale of her land in Concho county was used in its purchase, it may be observed, from an examination of the deed, under which she held the Concho land, that it is in all respects the same as to conditions and restrictions to the deed under consideration, having identically the same granting and habendum clauses, and carrying the same provisions in all respects, and is different only in the description of the land conveyed. So the determination of the char-

acter of interest or estate which she held under the present deed to the land in controversy also determines the character of her interest in the Concho county land and the proceeds, of its sale. It may also be observed that, while it appears to be conceded that whatever interest or title she had in the land in controversy was her separate property, such character is not fixed by the recitals in the deeds or either of them, but rests upon the fact, shown by the evidence, that she acquired her interest in the first tract, the Concho land, by gift from her father, under the conditions and restrictions imposed by the deed, and that, in the exercise of the interest of reversion retained by him, he only consented to the sale of the Concho land upon the condition that the same restrictions and conditions and terms should be contained in the deed acquired by the proceeds of such sale made her to the land in controversy. So the decisive question here presented is as to the effect to be given the deed hereinbefore set out. Did Mrs. Pearce take thereunder only a life estate, or did she, under the operation of the rule in Shelley's Case, take an unconditional fee-simple title to the land?

The manifest intention of the grantor, from an inspection of the deed, as conclusively shown by a consideration of the entire instrument in all of its parts, is to vest in the appellee Mrs. Pearce only a life estate, as shown by the following clause, applying directly to the character of her interest, and by reference made a part of the granting clause of the deed, to wit: "The ownership and right of possession is to be and remain in said Mary Emeline Pearce during her life, and at her death her said heirs, by direct line of descent, shall become the lawful owners and rightful possessors of said land"—the remainder over, upon her death, being to her heirs by direct line of descent. This conveyance, however, is restricted by the following proviso, restricting the right of alienation: "Provided, further, that said land shall not be sold, transferred or conveyed to any person or corporation whatever until each and all of the said heirs of the said Mary Emeline Pearce are of lawful age under the present law of the state of Texas, and in the event said land or any part thereof or interest therein is so sold, transferred or conveyed, the same or such part thereof or interest therein so conveyed, sold or transferred, shall revert to me, the said T. S. Vaughn, my heirs, executors and administrators." As established by many decisions of our courts, effect should be given to this intention, if the same can be lawfully done. Hancock v. Butler, 21 Tex. 804; Simonton v. White, 93 Tex. 50, 53 S. W. 339, 77 Am. St. Rep. 824.

In the case of Berry et al. v. Spivey, 44 Tex. Civ. App. 18, 97 S. W. 511, the court held that a provision in a grant of land, which restricted the power of the grantee on her part or on the part of herself and husband, jointly and severally, to alienate such land until the youngest child of her and her said husband should arrive at the age of 21 years, or should marry, if a daughter, was not an unlawful restraint upon alienation, since the restriction was necessarily limited to the life of the grantee. And in that case the deed was held not within the rule in Shelley's Case. The restriction on alienation in the case above referred to is very similar to the one here under consideration, and we are cited to no authority that supports appellees' contention that such restriction is unlawful. It appearing from the recitals in the deed, considered as a whole, as well as in the evidence adduced on the trial of the case, which we think it competent to here consider in connection with the deed, because of the latent ambiguity in the clause "heirs by direct line of descent" frequently repeated in the deed, that the grantor had in contemplation, by the use of said term, by way of designating those to whom the remainder over should go, the eight children of Mrs. Mary Emeline Pearce then living, and whose ages the evidence showed to be from 3 to 21 years at the time of the trial, and that said grantor did not intend or contemplate that the title to the property in fee should go in remainder to the heirs generally of the said Mrs. Pearce, but that by the use of the term "to her heirs by direct line of descent" was meant, giving said term its broadest construction, only such children, or their direct descendants, as the said Mrs. Pearce might have living at the time of her death. We are therefore of the opinion that the rule in Shelley's Case does not apply to the conveyance in question, and that appellee Mrs. Pearce took thereunder, not the fee to the land, but a life estate therein, and that the trial court erred in holding that said conveyance vested her with the absolute title in fee simple to the land in question. Berry v. Spivey, 44 Tex. Civ. App. 18, 97 S. W. 511; Diamond v. Rotan, 124 S. W. 200; Simonton v. White, 93 Tex. 54, 53 S. W. 339, 77 Am. St. Rep. 824; Hopkins v. Hopkins, 103 Tex. 15, 122 S. W. 15.

[3] Under his fourth assignment, appellant raises the further and only remaining question presented in his brief, which is to the effect that the court erred in decreeing to appellees the right of possession to that portion of the land which had been leased to D. T. Rogers, and was occupied and held by appellant under assignments of said lease. In this holding of the court, we think there was no error; it appearing from the evidence that the lease under which appellant seeks to maintain his right of possession was for a longer period than one year, to wit, for five years, and effected an interest in the separate property of the appellee, Mrs. Pearce,

and does not appear to have ever been acknowledged by her, as required by law, to convey an interest in her separate estate. Article 624, Rev. Stat. 1895; Dority v. Dority, 96 Tex. 215, 71 S. W. 951, 60 L. R. A. 941. Nor does it appear that she had by her acts ratified and confirmed said lease in such way as to estop her from seeking to be restored to the possession of the land in question. Fitzgerald v. Turner, 43 Tex. 79; Owen v. New York Land Co., 11 Tex. Civ. App. 284, 32 S. W. 189, 1057; Cauble v. Worsham, 96 Tex. 86, 70 S. W. 737, 97 Am. St. Rep. 871.

We therefore conclude that the judgment appealed from should be so reformed as to show that the appellee Mary Emeline Pearce has only a life estate in the land in controversy, and is not vested with the title in fee, and that the judgment so reformed should be in all respects affirmed, and that appellees pay the costs of this appeal, and it is so ordered.

### On Motion for Rehearing and to Certify.

HENDRICKS, J. In the examination of this case on motion for rehearing, the following restriction, embodied in the deed introduced in evidence, was adverted to by the court in its opinion: "Provided, further, that said land shall not be sold, transferred or conveyed to any person or corporation whatever until 'each and all of the said heirs of the said Mary Emeline Pearce are of lawful age under the present law of the state of Texas, and in the event said land or any part thereof, or interest therein, is so sold, transferred or conveyed, the same or such part thereof, or interest therein, so conveyed, sold or transferred, shall revert to me, the said T. S. Vaughn, my heirs, executors and administrators." In discussing that clause, as an aid really for the determination of the question as to the real character of the estate that was intended to be conveyed by this deed, this language is used in the opinion: "In the case of Berry et al. v. Spivey [44 Tex. Civ. App. 18] 97 S. W. 511, the court held that a provision in a grant of land, which restricted the power of the grantee on her part or on the part of her husband, jointly and severally, to alienate such land until the youngest child of her and her said husband should arrive at the age of 21 years or should marry, if a daughter, was not an unlawful restraint upon alienation, since the restriction was necessarily limited to the life of the grantee. And in that case the deed was held not within the rule in Shelley's Case. The restriction on alienation in the case above referred to is very similar to the one here under consideration, and we are cited to no authority that supports appellee's contention that such restriction is unlawful." We are inclined to think that the able judge who rendered that opinion, using this language in commenting upon the validi-

ty of the clause quoted from the deed, did so as an explanatory circumstance of the real intention of the grantor as to the character of the estate intended to be conveyed, which intention, discovered by the recitations in the deed, was finally the ultimate point in this case, for the reason that immediately preceding the language used by him in making the comment, and immediately succeeding the stipulation in the deed quoted, he says: "As established by many decisions of our courts, effect should be given to this intention, if the same can be lawfully done"— and further on in the opinion passes upon the validity of a married woman's lease of her separate property, not because of the restraint upon alienation of any interest in the land, but because the lease was of the separate property of the wife for more than one year, and not acknowledged by her in accordance with the statute, which was condemned by the Supreme Court of this state in Dority v. Dority, 96 Tex. 215, 71 S. W. 951, 60 L. R. A. 941.

If the language of the opinion could be construed to the extent of holding the stipulation in restraint of alienation as a valid one, we think it was unnecessary to the decision of the case, and this additional opinion is merely for the purpose of restricting the opinion of this court, in its decision of this case, to the character of the estate and interest of Mrs. Pearce intended to be conveyed to her, as against the appellant, T. S. Vaughn, who was the ostensible subassignee of a purported lease. The matter and question of the validity or invalidity of the recitation in restraint of alienation, in the deed from Vaughn to his daughter, is not decided.

We believe that, upon the real merits of the controversy between the parties, the opinion of the court properly disposed of the case, and the motion for rehearing, and the companion motion in this case to certify the cause to the Supreme Court, are in all things overruled.