**OGLETREE et al. v. ABRAMS et al.**

No. 1734—6164.

Commission of Appeals of Texas, Section A. Jan. 24, 1934.

Marvin H. Brown & Son and Homer L. Baughman, all of Fort Worth, for plaintiffs in error.

Mays & Mays, of Fort Worth, for defendants in error.

HARVEY, Presiding Judge.

This suit involves a controversy between the heirs of W. M. Abrams, deceased, and Delia Abrams, deceased, on the one hand, and Virsey Abrams, on the other hand. Said heirs claim title, by inheritance from W. M. and Delia Abrams, to all of the lots described in the deed hereinafter set out, whereas Virsey Abrams claims title, under said deed, to a portion of the lots described in said instrument. The trial court gave judgment in favor of the latter, and that judgment has been affirmed by the Court of Civil Appeals. 44 S.W.(2d) 444. The said heirs applied for writ of error which was granted.

The only question involved in the controversy goes to the construction of the following deed executed by one W. R. Hurley in the lifetime of W. M. and Delia Abrams, to wit:

"Know all men by these presents:

"That I, W. R. Hurley of the County of Tarrant, State of Texas, for and in consideration of the sum of Nine Hundred ($900.00) Dollars to me paid, and secured to be paid, by W. M. Abrams and Delia Abrams as follows:

"$375.15 cash in hand paid, the receipt of which is hereby acknowledged and their promissory note in the sum of $552.85 of even date herewith bearing interest from date at 8% per annum, payable in installments of $12.50 the first days of each month hereinafter until paid; the usual clauses of 10% attorney's fees and option to declare due on failure of payment of any installment inserted. In case of death of grantees, the title and ownership is vested in Virsey Abrams, as to the 100 foot strip off East side of lots conveyed herein, but the West portion is vested in said grantees.

"Have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said W. M. Abrams and Delia Abrams, husband and wife, of the County of Tarrant, State of Texas, all that certain tract of land situated in Tarrant County, Texas; and being:

"Lots Nos. Seven, Eight and Nine (7, 8, & 9) of Block No. Eighty-four (84), of Riverside or Martindale's Addition to Fort Worth, Texas, being all of said lots lying South of the right-of-way of the Rock Island Right-of-way.

"To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said W. M. Abrams and Delia Abrams and their heirs and administrators, to warrant and forever defend all and singular the said premises unto the said W. M. Abrams and Delia Abrams and their heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improvements, until the above described note and all interest thereon are fully paid according to its face and tenor, effect and reading, when this deed shall become absolute."

The plaintiffs in error contend, in effect, that, because same is in irreconcilable conflict with the granting clause, the habendum clause, and the warranty clause contained in the above instrument, the following provision is of no legal force, to wit: "In case of death of grantees, the title and ownership is vested in Virsey Abrams, as to the 100 foot strip off east side of lots conveyed herein, but the west portion is vested in said grantees."

The well-established rule is that, in construing a deed, the paramount purpose is to ascertain the intention of the parties. For the purpose of ascertaining such intention, all the provisions contained in the instrument are to be taken into consideration, and all given effect where this can be done. "Even where different parts of the instrument appear to be uncertain, ambiguous or contradictory, yet if possible, the court will harmonize the parts and construe the instrument in such a way that all parts may stand, and will never strike down any portion except there be an irreconcilable conflict wherein one part destroys in effect another part. The strictness of the ancient rule as to repugnancy in deeds is now much relaxed, and the saner method is applied of permitting all parts of the instrument to stand, where possible, and to gather the intention of the parties from the whole instrument." 14 Texas Jur. page 919 et seq., and cases there cited.

For the purpose, then, of ascertaining the intention of the parties, the deed in ques-

tion will now be taken up. It is at once apparent that the quoted provision, which is alleged to be repugnant to succeeding clauses contained in the instrument, plainly purports a purpose to invest W. M. Abrams and Delia Abrams with the fee-simple estate in but a portion of the lots conveyed in the instrument. In respect of the other portion, the provision plainly purports a purpose to invest W. M. and Delia Abrams with but a life estate, and to invest Virsey Abrams with the remainder in fee. Inasmuch as the language respecting the "100 foot strip off east side" of the lots," conveyed by the instrument, is not susceptible of any other meaning than stated above, it is reasonable to infer that, in this respect, the provision was intended by the parties to qualify the language contained in subsequent clauses which, in the absence of such provision, would import the vesting, in W. M. and Delia Abrams, the fee-simple estate in all of the lots conveyed by the instrument. Besides, it is hardly reasonable, in the light of said provision, to suppose that the term "above described premises," as used in the habendum clause, and a similar term used in the warranty clause, refer to or were intended to embrace the described portion of the lots which, according to the language of the other provision, was to go to W. M. and Delia Abrams for life, with remainder in fee to Virsey Abrams.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.