**ROBISON et al. v. MURRELL et al.**

**No. 5657.**

Court of Civil Appeals of Texas. Amarillo.

Nov. 27, 1944.

Rehearing Denied Jan. 8, 1945.

W. W. Campbell, of Lubbock, for appellants.

O. B. Fisher, of Paris, and Crenshaw, Dupree & Milam, of Lubbock, for appellees.

STOKES, Justice.

This is a suit for partition of 320 acres of land located in Lubbock County. It was instituted by Jessie Mae Robison, Ruth Hicks, Kathaleen Cox, Mozelle Pressley, Dixie Faye Black, and Willie Walker, all joined by their husbands, and Robert Hoyal Dillard and May Dillard, all of whom are appellants here, against the appellees, Annie Mae Murrell, Ruby Gerron, and Mary Bell Jones, joined by their husbands. It was alleged, and the record shows, that the appellant, May Dillard, is the surviving wife of C. P. Dillard, deceased, and the other appellants, except Jessie Mae Robison who is the only surviving child of a deceased son of C. P. Dillard and his first wife, are the surviving children of C. P. Dillard and May Dillard, who was his second wife. The appellees are three daughters of C. P. Dillard, deceased, and his deceased first wife.

On January 7, 1933 J. H. Dillard, who was a bachelor and brother of C. P. Dillard, executed and acknowledged a deed in the following terms:

"That I, J. H. Dillard of the County of Lamar and State of Texas, for and in consideration of the sum of $1.00 cash to me in hand paid by C. P. Dillard the receipt of which is hereby acknowledged, and the further consideration of the love and affections I have for my brother the said C. P.

Dillard; and the further consideration that the said C. P. Dillard is not to sell or dispose of the hereinafter described property, and title to the said property is not to vest in the said C. P. Dillard until my death. And the further consideration at the death of the said C. P. Dillard the title to the said property is to vest in three daughters of the said C. P. Dillard whose names are Annie May, Ruby and Mary Belle. The management and control of the hereinafter described property is to remain in me the said J. H. Dillard until my death.

"Have granted, sold and conveyed, and do by these presents, grant, bargain, sell and convey unto the said C. P. Dillard and to his heirs and assigns forever, the following described tracts or parcels of land, situated in the County of Lubbock and the State of Texas described as follows:

"First Tract: Being the N. E. ¼ of Section Number 30, Block J. S. Lubbock County, Texas, containly 160 acres.

"Second Tract: Being the S. E. ¼ of Section Number 30, Block J. S. Lubbock County, Texas, containing 160 acres.

"Being the same two tracts of land conveyed to J. H. Dillard by Joe Dillard and wife, on June 18th, 1932, as shown in Deed Book 170, Page 434, Lubbock County Reocrds.

"To have and to hold the above described premises, together with all and singular the rights, members, improvements, hereditaments and appurtenances thereto in anywise belonging unto the said C. P. Dillard and unto his heirs and assigns forever, in fee simple.

"And I hereby bind myself, my heirs, executors and administrators to forever warrant and defend the right and title to the said premises unto the said C. P. Dillard and unto his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my signature this 7th day of January A. D. 1933."

J. H. Dillard, the grantor, retained the possession, use, and control of the land until his death which occurred in October 1935. The deed was filed for record in Lubbock County on December 5, 1935. Immediately after the death of J. H. Dillard, C. P. Dillard took possession of the land and retained possession, use, and enjoyment thereof until his death on September 19, 1943. Immediately after the death of C. P. Dillard, the appellees, Annie Mae Murrell, Ruby Gerron, and Mary Bell Jones, who are the same persons as the three daughters mentioned in the deed as Annie May, Ruby, and Mary Belle, took possession of the land, and on January 3, 1944 the appellants filed this suit against them, seeking partition upon the theory that the deed from J. H. Dillard to their father, C. P. Dillard, conveyed to C. P. Dillard the fee-simple title, and that upon the death of C. P. Dillard the title descended to all of his children, share and share alike, subject only to a life estate in the surviving wife, May Dillard, in a one-third undivided interest.

The appellees answered by denying the allegations of appellants and alleging that the deed conveyed to C. P. Dillard only a life estate with remainder to the appellees.

The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of the appellees, to which appellants duly excepted, gave notice of appeal, and have perfected an appeal to this Court.

The trial court found that the appellees are the sole and only owners of the land, that C. P. Dillard, deceased, acquired only a life estate under the deed from J. H. Dillard, and that upon his death the fee-simple title became vested in them.

A number of assignments or points of error are presented in the appellants' brief, but we do not consider it necessary to discuss them in detail. In substance, appellants contend the court erred in rendering judgment for the appellees, because the effect of the deed executed by J. H. Dillard was to convey to their father, C. P. Dillard, the title in fee, and not merely a life estate. They contend that the recital in the premises of the deed, that at the death of C. P. Dillard the title should vest in the appellees, was precatory in its nature and that it did not have the effect of destroying the force of the granting and habendum clauses, which were in full harmony with each other and were in the ordinary form, indicating that a fee-simple title was intended to be conveyed to C. P. Dillard. In support of their contention the appellants argue that the recital in the premises of the deed, namely, "and the further consideration at the death of the said C. P. Dillard the title to the said property is to vest in three daughters of the said C. P. Dillard whose names are Annie May, Ruby

and Mary Belle," must yield to the other portions of the deed because it is repugnant to the operating clauses consisting of the granting, habendum, and warranty clauses. They assert that the two provisions are conflicting and repugnant, that they cannot be harmonized, and, therefore, under the law, the recital in the premises of the deed must yield to the other clauses.

There are many decisions of the courts in Texas and other jurisdictions of this country which hold that where two provisions in a deed are in utter and hopeless conflict with each other and the intention of the grantor is not revealed by any recital in the deed other than the conventional clauses in their ordinary forms, the premises or recitals must yield to the granting and habendum clauses. Germany v. Turner, 132 Tex. 491, 123 S.W.2d 874; Burgess v. McCommas, 61 Tex.Civ.App. 246, 129 S.W. 382; Moore v. City of Waco, 85 Tex. 206, 20 S.W. 61. The courts have always shown a reluctance, however, to destroy any recitals or provisions of a deed or other instrument which comes before them for construction, and if there is any reasonable means by which all of the recitals and provisions can be brought into harmony they do not hesitate to appropriate them. The trend for many years has been to get away from the strictness of the ancient rule as to repugnancy in deeds so that in this State and in most other States of the Union it is now held that if clauses or parts of a deed appear to be conflicting or repugnant, the intention of the grantor will be gathered from the entire instrument, where that can be done, without regard to the relative values of the various conventional clauses. Ogletree v. Abrams, Tex.Com.App., 67 S.W.2d 227; Schmittou v. Dunham, Tex.Civ.App., 142 S.W. 941; Hopkins v. Hopkins, 103 Tex. 15, 122 S.W. 15; Gibbs v. Barkley, Tex.Com.App., 242 S.W. 462; Berry v. Spivey, 44 Tex.Civ.App. 18, 97 S.W. 511; Bumpass v. Bond, 131 Tex. 266, 114 S.W.2d 1172; Goldsmith v. Goldsmith, 46 W.Va. 426, 33 S.E. 266; Triplett v. Williams, 149 N.C. 394, 63 S.E. 79, 24 L.R.A.,N.S., 514; American Nat. Bank v. Madison, 144 Ky. 152, 137 S.W. 1076, 38 L.R.A.,N.S., 597.

In the first clause of the deed involved in this case, wherein the grantor expressed the consideration upon which it was executed, we think his intention was clearly expressed. The first element of the consideration was the love and affection which he had for the grantee, who was his brother. He then proceeded to deprive the grantee of the right to dispose of the land and in connection with that inhibition he provided that at the death of the grantee the title was to vest in three daughters of the grantee, Annie May, Ruby, and Mary Belle. From these provisions of the deed, it is apparent that, although the term "life estate" was not employed by the grantor, it was his intention to convey to his brother, C. P. Dillard, only a life estate. The terms used were equally as effectual as they would have been if he had employed the legal term usually applied to such estates. Such intention is conclusively shown by the later provision that at the death of C. P. Dillard the title to the land should vest in the appellees. It is true that neither the granting clause, the habendum clause, nor the warranty clause expresses any limitation of the estate conveyed and, standing alone, they indicate that a fee-simple title was placed in the grantee, but, applying the rule expressed by the cases last above cited, these clauses, although apparently repugnant to the intention expressed in the premises of the deed, must yield to the expressed purpose of the grantor. Any other construction would defeat the purpose of the grantor and completely destroy his expressed intention that C. P. Dillard should hold the land during his lifetime and that the title should then become vested in the appellees. The fact that the names of the appellees, Annie May, Ruby, and Mary Belle, were inserted in the deed is of compelling significance. Manifestly, if it had not been his intention to convey the title in such way as to vest in them the remainder after the life estate placed in C. P. Dillard had terminated, their names had no place in any part of the deed. To give to the deed the interpretation contended for by the appellants would thwart the purpose and intention of the grantor and divert the principal estate which he intended to convey. The intention of the grantor having been clearly expressed in the premises of the deed, the other clauses must be construed to conform to that intention even though such construction has the effect of weakening those clauses.

Appellants earnestly insist that where there are conflicting clauses, the granting and habendum clauses must prevail and that, inasmuch as the provisions contained in the premises of the deed here involved

conflict with the granting and habendum clauses, the former must yield. As we have already said, we are not in accord with appellants in this contention where the intention of the grantor is plainly expressed even though the expression be inserted in the premises of the deed. In the case of Berry v. Spivey, supra, the Court said: "The intention of the grantor may be expressed in the habendum clause, or anywhere else in the instrument, and when it may be ascertained from the instrument it should be given effect, without regard to technical rules of construction." In the recent case of Dallas Joint Stock Land Bank of Dallas v. Harrison, 138 Tex. 84, 156 S.W.2d 963, the Supreme Court gave categorical approval to that expression.

In the case of Ogletree v. Abrams, supra, the Court had before it for consideration a deed very similar to that involved in this case, which had been executed by W. R. Hurley to W. M. and Delia Abrams. In expressing the consideration upon which the deed was executed, it was provided, "In case of death of grantees, the title and ownership is vested in Virsey Abrams, as to the 100 foot strip off East side of lots conveyed herein, but the West portion is vested in said grantees." The granting clause and the habendum clause named only the grantees, W. M. and Delia Abrams, were regular in form, and contained no restrictions or limitations. The Court held that the language pertaining to the 100 foot strip off the east side of the lots was not susceptible of any other meaning than to convey to W. M. and Delia Abrams a life estate only and to vest in Virsey Abrams the remainder in fee. In so holding, the Court said: "Inasmuch as the language respecting the '100 foot strip off east side of the lots,' conveyed by the instrument, is not susceptible of any other meaning than stated above, it is reasonable to infer that, in this respect, the provision was intended by the parties to qualify the language contained in the subsequent clauses which, in the absence of such provision, would import the vesting, in W. M. and Delia Abrams, the fee-simple estate in all of the lots conveyed by the instrument."

The provisions of the deed in question and the holdings of the courts in the cases we have cited, and in many others of like import that could be cited, impel the conclusion that under the deed executed by J. H. Dillard, C. P. Dillard obtained a life estate only and the remainder in fee was vested in the appellees.

We find no error in the judgment rendered by the court below and it will therefore be affirmed.