**Emmett C. SMITH, Appellant,**

v.

**C. M. SMITH, Individually, et al., Appellees.**
**No. 5210.**

Court of Civil Appeals of Texas.

El Paso.

July 24, 1957.

Rehearing Denied Aug. 30, 1957.

H. O. Metcalfe, William H. Earney, Marfa, for appellant.

Raymond Stoker, Odessa, Burford, Ryburn, Hincks & Ford, Dallas, for appellees.

HAMILTON, Chief Justice.

This is an appeal from the District Court of the Eighty-third Judicial District, sitting at Alpine, Texas. The case was tried to the court without a jury, and resulted in the court's decision that the deed involved conveyed a life estate to R. W. Smith, with remainder to the Baptist State Executive Committee. The appellant, Emmett .C. Smith, brought the suit in the nature of a trespass to try title, based on a deed from Leslie B. Guthrie and his wife, Mary L. Guthrie, to R. W. Smith. The important parts of the deed are as follows:

"The State of Texas County of Brewster } Know All Men By These Presents:

"That we, Leslie B. Guthrie and wife Mary L. Guthrie, of the County of Brewster, State of Texas, for and in consideration of the sum of Ten and No/100 ($10.00) Dollars, and other good and valuable considerations to us in hand paid by Rasler W. Smith, out of his own separate property and estate, in cash, the receipt of which is hereby acknowledged and confessed, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Rasler W. Smith, of the County of Ector, State of Texas, as his separate use and benefit, all that certain lot, tract or parcel of land, located and being situated in the County of Brewster, State of Texas, and described as follows, to-wit: (description)

"To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said Rasler W. Smith, *as is* own separate and individual property, and at the request of said within grantee, at his death, said property shall revert to the Baptist Executive State Board of Texas to be sold and the money to be applied on the R. W. Smith and Mertie Smith Revolving Loan Fund, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Rasler W. Smith, as his own separate and individual property, and at his death, and at his request, said property shall revert to the Baptist Executive State Board of Texas to be sold and the money applied on the R. W. and Mertie Smith Revolving Loan Fund, against every person whom-

soever lawfully claiming, or to claim the same or any part thereof.

"Witness our hands at Alpine, Brewster County, Texas, this 23rd day of July, A.D. 1949,

"Leslie B. Guthrie
Leslie B. Guthrie

Mary L. Guthrie
Mary L. Guthrie

"(Joint acknowledgment)."

This case has presented considerable difficulty because of the wording of the deed hereinabove set forth.

■ Appellant contends that this deed conveyed a fee simple title from the Guthries to R. W. Smith, with appellee contending that the word "revert" used above meant actually to pass on a remainder interest to the Baptist Board. It is obvious that on the surface, the granting clause and habendum clause of the deed appear to be in conflict, and the habendum clause attempts to create a reversion in favor of a stranger to the chain of title. However, we believe that the intention of the parties is, nevertheless, clearly and plainly expressed; that is, that a life estate be conveyed to R. W. Smith, with remainder to the Baptist Executive State Board of Texas; and, after careful consideration of the authorities cited by both appellant and appellees, we have concluded that such intention should be given full effect.

■ First of all, it has been held that the word "revert" may be construed to mean "go" or "pass to" in order to carry out the evident intention of the parties: Peters v. Allen, Tex.Civ.App., 296 S.W. 929; 37A Words and Phrases, Revert, pp. 307–309; Brown v. Guthery, 190 N.C. 822, 130 S.E. 836; Petty v. Griffith, Mo., 165 S.W.2d 412. In construing the meaning of the word "revert" as used in the foregoing deed, it must be borne in mind that the deed we have here before us clearly reflects the inexperience and lack of legal knowledge of the parties to the deed. If we can possibly do so, under the modern trend we must give effect to the intention of the parties. Especially is this true where the deed has obviously, from its appearance, been drawn by unskilled hands.

■ It has been held, and is now considered settled law, that where the granting clause and the habendum clause are contradictory, the intention of the parties is to be given effect, and such intention is to be gathered from the entire instrument construed as a whole: Ogletree v. Abrams, Tex.Com.App., 67 S.W.2d 227; Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442; Dallas Joint Stock Land Bank v. Harrison, 138 Tex. 84, 156 S.W.2d 963; Berry v. Spivey, 44 Tex.Civ.App. 18, 97 S.W. 511. It was held, in Robison v. Murrell, Tex.Civ.App., 184 S.W.2d 529 (err. ref., w. o. m.), that if clauses or parts of a deed appear to be conflicting or repugnant, the intention of the grantor will be gathered from the entire instrument where that can be done, without regard to the relative values of the various conventional clauses, even though such construction may weaken other clauses in the deed.

It was held, in Aelvoet v. Schutz, Tex. Civ.App., 181 S.W.2d 1011, that the habendum clause may be rejected if repugnant to other clauses.

■ The intention of the grantor may be expressed in the habendum clause or anywhere else in the instrument, and when it may be ascertained from the instrument, it should be given effect without regard to technical rules of construction: 14–B, Tex. Jur., sec. 140, p. 590; 4 Tex.Jur.Supp., sec. 140, p. 174.

■ Therefore, because the courts have clearly laid down the rule that the intention of the party must be given full effect by harmonizing the various parts of a deed, we hold that the deed here conveyed a life estate to Rasler W. Smith with remainder to the Baptist Executive State Board of Texas, as held by the trial court.

Appellant's points are accordingly overruled, and the decision of the trial court affirmed.

WILLIAMS, J., not sitting.